IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY LORENZO WOODFOLK,<br>Petitioner, | : | No. 01-CV-867 |
| v. | : | (Judge Kane) |
| UNITED STATES OF AMERICA,<br>DONALD ROMINE,<br>Respondent. | : | |

**ORDER**

**BACKGROUND:**

Currently before this Court is Petitioner's petition for a writ of habeas corpus filed on May 17, 2001, and amended June 4, 2001.[1] Because it is clear from the petition that Petitioner is not entitled to relief in this Court, this decision is issued without issuance of summons or receipt of an answer or other pleading.

The information provided in the petition shows that Petitioner has filed multiple petitions for writ of habeas corpus. Petitioner's first petition filed November 6, 1997 was denied on January 21, 1999. The U.S. Court of Appeals for the Fourth Circuit denied an appeal from that decision. On March 30, 2001, Petitioner filed a motion with the U.S. Court of Appeals for the Fourth Circuit pursuant to 28 U.S.C. § 2244 for authorization to file a second application for relief under § 2255. The Fourth Circuit denied the motion on April 26, 2001.

In addition to those disclosed by Petitioner in the instant petition, Petitioner also filed a writ for habeas corpus in this Court on January 31, 2001 (Doc. 1:01-CV-194). In that petition,

---

[1] The amendment was to include a verification statement he omitted when first filing this complaint on May 17, 2001.

which Petitioner insisted should not be construed as pursuant to § 2255, and which was not so construed, Petitioner alleged that § 2255 provided an inadequate remedy. The petition was dismissed by this Court on April 30, 2001 because Petitioner's claim did not satisfy the 'safety valve' language of § 2255 and he was not entitled to bring such a petition as long as a remedy under § 2255 was available.

## DISCUSSION

Petitioner insists that the instant petition not be recharacterized pursuant to § 2255, and this Court will not do so. He claims that because his claim was not vindicated via his § 2255 petition, and he was denied authorization to file another § 2255 petition, § 2255 provides an inadequate remedy. This is the same argument he made in his petition to this Court in his petition filed on January 31, 2001 and dismissed on April 30, 2001. For the same reasons, it fails.

Unfavorable results in a previous § 2255 petition do not make § 2255 inadequate or ineffective. Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966). Only "some limitation of the scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." Application of Galante, 437 F.2d 1164 (3d Cir. 1971). As in his previous petition before this Court, Petitioner alleges nothing that qualifies as such a limitation. Therefore, § 2255 is the exclusive means by which he may challenge his conviction or sentence. Davis v. United States, 417 U.S. 333 (1974), U.S. ex rel. Leguille v. Davis, 212 F.2d 681 (3d Cir. 1954). Moreover, his claims were adjudicated on April 30, 2001, and are barred by the doctrine of res judicata.

**AND NOW, IT IS ORDERED THAT** Woodfolk's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED**. The Clerk shall close the file.

_____
Yvette Kane
United States District Judge

Dated: June 8, 2001.

```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

              * * MAILING CERTIFICATE OF CLERK * *

                        June 8, 2001
```

Re:  1:01-cv-00867    Woodfolk v. Romine

True and correct copies of the attached were mailed by the clerk to the following:

```
    Corey Lorenzo Woodfolk
    USP-Lewisburg*
    P.O. Box 1000
    Lewisburg, PA  17837
```

```
cc:
Judge                        (✓)              ( ) Pro Se Law Clerk
Magistrate Judge             ( )              ( ) INS
U.S. Marshal                 ( )              ( ) Jury Clerk
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Ct Reporter                  ( )
Ctroom Deputy                ( )
Orig-Security                (✓)
Federal Public Defender      ( )
Summons Issued               ( ) with N/C attached to complt. and served by:
                                 U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5          ( )
Order to Show Cause          ( ) with Petition attached & mailed certified mail
                                 to:  US Atty Gen  ( )   PA Atty Gen ( )
                                      DA of County ( )   Respondents ( )

Bankruptcy Court             ( )
Other _____    ( )
```

MARY E. D'ANDREA, Clerk

DATE: 6-8-01                             BY: _____
                                              Deputy Clerk