## JUDGE'S COPY

District Court of the United States
Middle district of Pennsylvania

\* Corey Lorenzo Woodfolk,
        Petitioner,

v.

DONALD ROMINE,
        Respondent.

FILED
HARRISBURG
JUN 11 2001
MARY E. D'ANDREA, CLERK
Per_____/ DEPUTY CLERK

Case No. 1:01-cv-00867

Before Judge: Yvette Kane

**Motion to Amend the Pleadings by leave of the court**, pursuant to: Fed.R.Civ.P. Rule 15(a)

    Comes this day, the above entitled Petitioner — **Corey Lorenzo Woodfolk**, hereinafter **Petitioner**, by Special Visitation, in propria persona, and moves this Honorable court to take "Notice" and acknowledge the now amended pleadings of Petitioner; and issue an Order granting now motion to amend the pleadings of Petitioner's original habeas corpus petition pursuant to Fed.R.Civ.P. Rule 15(a). This request by leave will necessarily do substantial justice in the judicial determination of Petitioner's petition. Petitioner asserts that all claims, assertions, statements, and relief requested therein his original habeas petition filed in this court — claims I & II, are reasserted and maintained, Also Petitioner's amended "verification" is reasserted. Such aforestated reasserted pleadings are adopted by reference, Fed.R.Civ.P. Rule 10(c).

Petitioner prays for a liberal construction of his pleadings, Rule 8(f).

    The courts have shown "a strong liberality ... in allowing amendments under Rule 15(a)." **3 Moore's Federal Practice** ¶ 15.08[2]; Clark, Code Pleading (2d ed 1947) 710. And in **Foman v. Davis**, 371 US 178 (1962), the Supreme Court reaffirmed the mandate of Rule 15(a) that leave to amend shall be "freely given when justice so requires." Moreover, as the Respondent has not been ordered to respond, no prejudice will ensue.

Grounds in Support of this motion:

1. Petitioner asserts that the now asserted claim — designated as Claim III, has merit and ripe for judicial determination; But for oversight, Petitioner would have surely asserted now claim in his original habeas petition. In the interest of justice, of which is no doubt in the interest of this court, such asserted claim "is entitled ... to the opportunity of a judicial determination of the facts." **St. Joseph Stock Yards Co. v. United States**, 298 US 38, 77.

**Amended Pleading:**

This pleading is designated as Claim III for all purposes.

1. **Petitioner's fifth amendment right to due process was violated where the magistrate judge called upon Petitioner to plead absent the guiding hand of counsel; the consequences therefrom further violated Petitioner's right to effective assistance of counsel**

Claim III

Federal Criminal Code — Rule 5(c) provides: "If the charge against the defendant **is not triable** by the United States magistrate judge, the defendant shall not be called upon to plead."

Pointedly, it is well settled that a criminal defendant acquires "the right to assert the protections of the sixth amendment in all critical stages of the criminal proceedings against him." **United States v. Blum**, 65 F.3d 1436, @ 1441 (8th Cir. 1995) (quoting **Chewning v. Rogerson**, 29 F.3d 418 (8th Cir. 1994)(internal quotes omitted)). [T]he test for determining whether a particular proceeding is itself a critical stage is 'whether the presence of ... counsel is necessary to preserve the defendant's basic right to a fair trial. ...' **United States v. Wade**, 388 US 218 (1967). In undertaking this inquiry, a reviewing court must 'analyze whether potential substantial prejudice to the defendant's rights inheres in the particular confrontation and the ability of counsel to help avoid that prejudice.' **Coleman v. Alabama**, 399 US 1, 7 (1970). Accordingly, certain pretrial proceedings, including arraignments, may or

may not be characterized as critical stages giving rise to the right to the assistance of counsel depending on whether the rights of the accused **may be lost or sacrificed** at such proceedings. **Blum**, ante. Also see, **Brewer v. Williams**, 430 US 387 (1977) (quoting **Kirby v. Illinois**, 406 US 682 (1972)). Moreover, the fifth amendment protects the accused against self-incrimination. **United States v. Melanson**, 691 F.2d 579 (1st Cir. 1981). See also, **United States v. Dohm**, 618 F.2d 1169 (5th Cir. 1980). Apart from the Constitution, there is a statutory right to counsel "at every stage of the proceedings from [the] initial appearance before the United States magistrate or court through appeal." 18 U.S.C. §§ 3006A(b), (c). Rule 5(c), ante, says that the accused is to be informed at the initial hearing "of the complaint against him and of any affidavit filed therewith, of his right to retain counsel, ... that he is not required to make any statement and that any statement made by him may be used against him ..."

Petitioner asserts as the court is well aware, that the nature of the United States district courts is an amalgamation of territorial legislation coupled with admiralty and equity jurisdiction. See **Revision Notes** of § 132 of Title 28, 1990 ed., and Act of March 3, 1911 (Sixty-First Congress, Sess. III, Chap. 231, pp. 1087 et seq. [Pub.L. 475], § 9. This fact conceded, as well as the fact that at Petitioner's initial hearing on May  , Anno domini 1994, in the United States district court for Maryland, before magistrate judge Rosenburg, Petitioner was called upon by same to plead to the charges of conspiracy to distribute heroin, distribution of heroin, and weapons possession — accusations mali prohibita — in maritime commerce — presumed contractual breach; albeit, such solicitation of pleading was in direct violation of Rule 5(c). Notably, arraignment has differing consequences in the various jurisdictions. Under federal law an arraignment is a sine qua non to the trial itself — the preliminary stage where the accused is informed of the indictment and pleads to it, thereby formulating the issue to be tried. **Hamilton v. Alabama**, 368 US 52 (1961).

3.

"Whatever may be the function and importance of arraignment in other jurisdictions, we have said enough to show ... it is a critical stage in a criminal proceeding. What happens there may effect the whole trial. Available defenses may be as irretrievably lost, if not then and there asserted, as they are when an accused represented by counsel waives a right for strategic purposes. ... The guiding hand of counsel is needed at the trial "lest the unwary concede that which only bewilderment or ignorance could justify or pay a penalty which is greater than the law ... exacts for the offense which they in fact and in law committed." **Hamilton**, ante. But the same pitfalls or like ones face an accused ... who is arraigned without having counsel at his side. When one pleads to a ... charge without benefit of counsel, we do not stop to determine whether prejudice resulted. **Hamilton**, ante. Also see, **Williams v. Kaiser**, 323 US 471; **House v. Mayo**, 324 US 42, 45, 46. The Court went on to state in **Hamilton**, id., "In this case, as in those, the degree of prejudice can never be known. Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently."

Accordingly, Petitioner asserts that certain defenses that were then immediately available to him were lost —— counterclaim, determination of status, personam jurisdiction —— by being called upon to plead absent the necessity of counsel being present. It is a fact that in personam jurisdiction is waived if not asserted, and the Acknowledgement of an accusation in the district court, in and of itself, implies acquiescence to the court's jurisdiction. Petitioner further lost the right to counterclaim and assert title to the "res", i.e., his physical body —— as the court's ultimate objective is satisfaction of the res. An admiralty proceeding in personam has been described as a proceeding wherein one is charged personally with respect to some matter of admiralty or maritime jurisdiction. **Sabine**, 101 US 384; See also, 18 U.S.C. § 7. A proceeding in rem is founded on a right in the res, and the object of the process is to obtain the res, or satisfaction out of it, for a claim resting on a

4.

real or quasi-property right in it, **The Maggie Hammond**, 76 US 435, 9 Wall 435, sic subjecting it to the satisfaction of the asserted claim. **C.J. Hendry Co. v. Moore**, 318 US 133. Such a judgement is good "against all the world," **C.J. Hendry Co.**, id, but this only means that not merely the title or interest of a personal defendant, but the property itself passes, and the effect of the decree is not limited to those who have taken part in the proceedings, but to all who have an interest in the res, provided the res was properly seized and proper notice was given. **Madruga v. Superior Court of California**, 346 US 556. And whereas the criminal accusation against Petitioner is mali prohibita — absent a corpus delecti, the district courts underlying quasi in rem - subject matter jurisdiction lies in the presumed contractual obligation between the parties. Petitioner asserts that there is no contact of which would support the courts subject matter jurisdiction, and if Respondent presented any document to the court purporting to be a cognizable contract to perform for benefits, dividends from corporate constructive trusts, etc., then Petitioner asserts that such documents were obtained via fraud, fraudulent concealment of material facts and unlawful failure to disclose. Wherefore, Petitioner asserts that absent such contract — adjudicated in exercise of its equity powers, the district court was/is without jurisdiction of the subject-matter.

**Point II**

Petitioner asserts that he has an "immediate" fifth amendment constitutional protection not to be compelled to be a witness against himself. The right against self incrimination is tantamount in our constitutional scheme. See, **Schmerber v. California**, 384 US 757 (1966), (and the privilege against self-incrimination "protects an accused only from being compelled to testify against himself, or otherwise provide ... evidence of a testimonial or communicative nature ...."). However, as Petitioner was called upon to plead absent representation of counsel coupled with the previously asserted fact that Petitioner did not counterclaim nor protect himself with certain defenses [aforesaid], he became the unwilling source of evidence to

5.

support the government's case. And where the court is in exercise of its equitable powers, in lieu of contract, the court acts outside of constitutional compulsion. Thereby, removing the otherwise constitutional protections a party may have. See, Art. I, §10, cl. 1 of the Constitution: "No State shall enter into any Treaty, Alliance, or Confederation; ... pass any Bill of Attainder, ex post facto Law, or Law **impairing the Obligation of Contracts, ....**" Of course, equity is brutal. Petitioner cannot envisage a more prejudicial scheme than to subject a man to contractual obligations — undisclosed, while he labors under the injudicious assumption of constitutional protections. What has been done to Petitioner is to "try" men in ways not imagined by the Constitution. [Perhaps we have forgotten the days [of] illustrious amelioration on the plains of Runnymeade, when King John was forced to submit to the rule of law; or perhaps the mischief of faction has ensconced its purpose.]

Where then, todays law enforcement machinery involves critical confrontations by the prosecution at pretrial proceedings where the results might well settle the accused's fate and reduce the trial itself to a mere formality. In recognition of of these realities of modern criminal prosecution, the Sixth Amendment has been construed to apply to "critical" stages of the proceedings. **United States v. Wade**, 388 US 218 (1967). The guarantee reads: "In all criminal prosecutions, the accused shall enjoy the right ... to have Assistance of Counsel for his defence." The plain wording of this guarantee thus encompasses counsel's assistance whenever necessary to assure a meaningful defence. **Wade,** id. And with all of the technical formalities of an in rem action — in maritime commerce — ensued in admiralty, the practice in the federal court, however, makes the trial no more than an appeal from the interrogation; and the 'right to use counsel at the formal trial [would be] a very hollow thing [if], for all practical purposes, the conviction is already assured by pretrial examination' . . . . 'One can imagine a cynical prosecutor saying: "Let them

6.

have the most illustrious counsel, now. They can't escape the noose. There is nothing that counsel can do for them at the trial."""" **Wade**, ante (quoting **Escobedo v. Illinois,** 378 US 478, 12 L.Ed 2d @ 984 (1964) ).

Accordingly, Petitioner asserts that the magistrate judge called upon Petitioner to plead absent counsel being present which consequently caused Petitioner to be a witness against himself; that Petitioner lost and/or waived certain defences that were then available to him which could have been assured with effective assistance of counsel; that the court is without a valid contract to have sustained its quasi-in rem subject matter jurisdiction as the government's presumed contract was/is obtained via fraud, fraudulent concealment of material facts, and unlawful failure to disclose [sic] depriving the district court of subject matter jurisdiction. All in violation of Petitioner's fifth and sixth amendment federal constitutional protection and Rule 5(c).

Wherefore, **Premises Considered,** Petitioner respectfully demands his immediate release from confinement.

Dated this 6th day of June, Anno domini 2001.

Respectfully submitted,

*Corey Lorenzo Woodfolk*
Corey Lorenzo Woodfolk
c/o Post Office Box [1000],
Lewisburg; near [17837], Pennsylvania

7.