IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

COREY LORENZO WOODFOLK,     :     CIVIL ACTION NO.: 01-CV-867
         Petitioner     :
                        :
         v.               :     (Judge Kane)
                        :
UNITED STATES OF AMERICA,     :
DONALD ROMINE,     :
         Respondents     :

FILED
HARRISBURG

FEB 2 7 2003

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

MEMORANDUM AND ORDER

    Before the Court is Petitioner's motion to amend his writ of habeas corpus pursuant to

Federal Rule of Civil Procedure 15(a).  Petitioner seeks to add deprivation of the right to

counsel during his arraignment proceeding as a ground for his writ.  For the reasons that

follow, the motion will be denied.

**I.    BACKGROUND**

    This action is one of several habeas claims petitioner has made, with this and other

courts, challenging his conviction after pleading guilty to conspiracy to distribute and

possession with intent to distribute heroin in violation of 21 U.S.C. § 846.  By order of this

Court dated June 8, 2001 (Doc. No. 3), Petitioner's claims were dismissed.  Because it was

clear from the petition that Petitioner was not entitled to relief in this Court, his complaint was

dismissed without the issuance of a summons or receipt of an answer or other pleadings.  On

June 11, 2001 Petitioner filed the instant motion (Doc. No. 4) and on June 14, 2001 Petitioner

filed a notice of appeal (Doc. No 5).

**II.    DISCUSSION**

    Petitioner characterized his motion as one to amend the pleading pursuant to Federal

Rule of Civil Procedure 15(a). Since his motion was filed shortly after this Court entered

judgment dismissing Petitioner's claim, it may also be characterized as a motion for relief

from judgment or order pursuant to Federal Rule of Civil Procedure 60. As Plaintiff is a pro

se petitioner, this Court must construe all pleadings liberally. Boag v. MacDougall, 454 U.S.

364, 365 (1982); Todaro v. Bowman, 872 F.2d 43, 44 n. 1 (3d Cir. 1989). Accordingly,

Petitioner's motion will be analyzed under both theories.

### A. Rule 15(a)

Rule 15(a) states, in relevant part, a "party may amend the party's pleading only by

leave of court or by written consent of the adverse party; and leave shall be freely given when

justice so requires." Fed. R. Civ. P. 15(a). While this Rule requires that leave to amend

should be "freely given," this court has discretion to deny the request if it is apparent from the

record that "(1) the moving party has demonstrated undue delay, bad faith or dilatory motives,

(2) the amendment would be futile, or (3) the amendment would prejudice the other party."

Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182,

(1962)). Amending a pleading is futile if the pleading, as amended, would fail to state a claim

upon which relief could be granted. Shane v. Fauver 213 F.3d 113, 115 (3d Cir. 2000). In

assessing futility, this Court applies the same standard of legal sufficiency as applies under

Rule 12(b)(6). Id. Accordingly, leave to amend generally must be granted unless the

amendment would not cure the deficiency.

In his original filing, Petitioner insisted that this action not be construed as a motion

under 28 U.S.C. § 2255 since, he argued, that section provided an inadequate remedy. This

Court did not construe the petition under §2255 and ultimately dismissed the petition because

§2255 is the exclusive means by which Petitioner may challenge his conviction or sentence.

2

The law is clear that to seek federal post-conviction relief from a judgment of conviction,

persons convicted in federal court are required to bring their collateral attacks challenging the

validity of their conviction and sentence by filing a motion to vacate sentence pursuant to 28

U.S.C. § 2255, with the court that imposed the conviction. See 28 U.S.C. § 2255; Davis v.

United States, 417 U.S. 333, 343, (1974). The only exception is when § 2255 proves

"inadequate or ineffective" to test the legality of a prisoner's detention. 28 U.S.C. § 2255;

Davis, 417 U.S. at 343.

    As explained in this Court's previous order in this case (Doc. No. 3) and in this

Court's dismissal of Petitioner's previous application for a writ,[1] Petitioner is unable to bring

himself within the exception to § 2255. Petitioner has already brought a §2255 attack on his

conviction. His §2255 action, his appeal and his request for leave to file a second or

successive §2255 petition were all denied. Petitioner's claim that this renders §2255

inadequate or ineffective to test the legality of his detention is without merit. "Section 2255 is

not inadequate or ineffective merely because the sentencing court does not grant relief."

Cradle v. United States, 290 F.3d 536 (3d Cir. 2002). Since this Court will not construe

Petitioner's claim as a § 2255 claim against Petitioner's wishes, and since § 2255 is the only

remedy available to Petitioner, his claim was dismissed as he failed to state a claim upon

which relief could be granted. Petitioner's proposed amendment to his claim would not cure

this deficiency, and therefore, his motion will be denied as futile.

**B. Rule 60**

    Rule 60(b) states, in relevant part;

---

1. See Civil Action No. 01-CV-194, Doc. No. 9 (Order, dated April 30, 2001, adopting
the Magistrate Court's recommendation to dismiss Petitioner's habeas action.)

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P 60(b). Even the most liberal reading of Petitioner's motion to amend does not reveal any basis to excuse his attempt to add, after judgment has been rendered, deprivation of the right to counsel during his arraignment proceeding as a ground for his writ. There is, therefore, no basis to relieve him from the judgment dismissing his claims.


**III.    ORDER**

Accordingly, **IT IS ORDERED THAT** Petitioner's motion to amend the pleadings (Doc. No. 4) is **DENIED**.


Yvette Kane
United States District Judge


Dated: _____ 26 Feb _____, 2003

4

