**UNREPORTED-NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 01-2568
_____

COREY LORENZO WOODFOLK,

Appellant

v.

DONALD ROMINE, Agent of
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 01-cv-00867)
District Judge: Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
October 14, 2003

Before: ALITO, ROTH and FUENTES, Circuit Judges.

(Filed: November 13, 2003)
_____

OPINION
_____

PER CURIAM.

Corey Lorenzo Woodfolk, a federal inmate housed in Pennsylvania, appeals from the denial of his petition for a writ of habeas corpus. We will affirm.

In 1994, Woodfolk entered a plea of guilty in the United States District Court for

the District of Maryland to conspiracy to distribute and to possess with intent to distribute heroin. He was sentenced to 50 years of imprisonment. The Court of Appeals for the Fourth Circuit affirmed. United States v. Williams, No. 94-5508, 87 F.3d 1310 (4th Cir., June 17, 1996) (Table), cert. denied, 519 U.S. 975 (1996). The sentencing court denied Woodfolk's motion pursuant to 28 U.S.C. § 2255, and the Court of Appeals for the Fourth Circuit denied a certificate of appealability. United States v. Woodfolk, No. 99-6183, 191 F.3d 449 (4th Cir., Sept. 21, 1999) (Table). On April 26, 2001, the Court of Appeals for the Fourth Circuit denied Woodfolk's request pursuant to 28 U.S.C. § 2244 to file a second or successive § 2255 motion.

On May 17, 2001, Woodfolk filed in the United States District Court for the Middle District of Pennsylvania the instant petition for a writ of habeas corpus, which he styled as "pursuant to Art. I, § 9, Clause 2 of the Constitution of the United States." Woodfolk claimed that he lacks an adequate and effective remedy under § 2255 to raise the following claims: violation of the Fifth and Sixth Amendments in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), where the government failed to include the penalty provisions of 21 U.S.C. § 841(b)(1)(A) or the elements that constitute the conspiracy in the indictment; and violation of the Fifth and Sixth Amendments where the government failed to promulgate implementing regulations for 21 U.S.C. § 846 pursuant to the Administrative Procedures Act.

By Order entered June 11, 2001, the District Court dismissed Woodfolk's habeas

petition, ruling that § 2255 is not "inadequate or ineffective" to test the legality of his detention, and thus he cannot purse his claims outside the context of a § 2255 motion filed in the sentencing court. The District Court further noted that Woodfolk had previously raised the same claim regarding the purported inadequacy of § 2255, and it had rejected that argument in an Order entered April 30, 2001. Thus, the District Court ruled that Woodfolk's present claims are barred by the doctrine of res judicata. Woodfolk timely filed this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is de novo. See United States v. Cleary, 46 F.3d 307, 309-10 (3d Cir. 1995).

We stayed this appeal pending Largo v. Bailey, C.A. No. 01-1643, a case that likewise raised the issue of whether a prisoner can show that § 2255 is inadequate or ineffective to raise an Apprendi argument, thereby permitting the claim in a § 2241 habeas proceeding. This Court issued a non-precedential decision in Largo, holding that a District Court is without subject-matter jurisdiction to consider an Apprendi claim under § 2241. The stay of this appeal has been lifted, and our Clerk afforded the parties an opportunity to respond the effect, if any, that Largo has on the appeal. The government filed its response on September 17, 2003. Woodfolk filed no response.

A collateral attack upon a federal conviction and sentence ordinarily must be raised in the sentencing court pursuant to § 2255. Indeed, any such attack raised outside the sentencing court by way of 28 U.S.C. § 2241 (which is the only provision under which Woodfolk could maintain this action in the Middle District of Pennsylvania) must

be denied "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." § 2255.

Here, the government is correct that although our decision in Largo is non-precedential, this Court reached the same result in a precedential decision, Okereke v. United States, 307 F.3d 117 (3d Cir.), cert. denied, 537 U.S. 1038 (2002). We held in Okereke that § 2255 cannot be deemed "inadequate or ineffective" to raise an Apprendi claim merely because the prisoner failed to meet the stringent gatekeeping requirements for filing an Apprendi claim in a second or successive § 2255 motion. Id. at 120-21. As such, a District Court is without subject-matter jurisdiction to entertain the Apprendi claim under § 2241.

In light of Okereke, Woodfolk's attempt to raise his Apprendi argument in a § 2241 petition must be rejected. Woodfolk simply cannot show that his remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." § 2255. Similarly, Woodfolk's claim that the government failed to promulgate implementing regulations for 21 U.S.C. § 846 was properly dismissed. Accordingly, we will affirm the District Court's judgment dismissing the § 2241 petition for want of jurisdiction.